NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 25 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GAYLE G. WINTER, | No. 15-17095 |
| Plaintiff-Appellant, | D.C. No. 1:13-cv-01314-GSA |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Gary S. Austin, Magistrate Judge, Presiding

Submitted July 10, 2017[**]
San Francisco, California

Before: BEA and N.R. SMITH, Circuit Judges, and LYNN,[***] Chief District Judge.

Gayle Winter appeals the district court's order affirming the Social Security

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Barbara M. G. Lynn, Chief United States District Judge for the Northern District of Texas, sitting by designation.

Administration's (SSA) denial of benefits. We have jurisdiction under 28 U.S.C. § 1291 and reverse.

1. The ALJ rejected the 2010, 2011, and 2012 opinions of Dr. Hetnal (a treating physician) and the 2010 opinion of Dr. Fetterman (an examining physician) because he found that such opinions were inconsistent with each doctor's own treatment records, conflicted with the objective evidence in the record (namely, certain mental status examinations), and were not based on objective medical evidence.

The ALJ was correct in concluding that Dr. Hetnal's 2011 and 2012 opinions were contradicted by the medical evidence in the record because such opinions stated that Winter was extremely impaired on five of the form's six parameters, including her ability to interact with others and carry out instructions. These specific findings are contradicted by the mental status examinations in the record, which documented that Winter interacted normally with examining physicians and without substantial impairment of memory. While other portions of Dr. Hetnal's 2011 and 2012 opinions were supported by other medical evidence in the record (such as Dr. Fetterman's opinion that Winter could not maintain attention and concentration for two hour increments or work without interruptions due to her mental condition), the above-discussed conflicts between the 2011 and 2012 opinions of Dr. Hetnal and other evidence in the record mean that the ALJ

2

properly rejected these opinions for specific and legitimate reasons based on substantial evidence in the record.

Dr. Hetnal's 2010 opinion, by contrast, was not contradicted by other medical evidence in the record. Treatment records from the Stanislaus County Health Services Agency, Senior Access Treatment Team, and Dr. Fetterman corroborate Dr. Hetnal's 2010 opinion that Winter was isolated, withdrawn, had poor attention, was unable to adapt to stress, and exhibited poor decision-making. Moreover, although certain legible portions of Dr. Hetnal's treatment notes suggest Winter was improving, other legible portions suggest exactly the opposite. *See Attmore v. Colvin*, 827 F.3d 872, 878 (9th Cir. 2016) ("It is the nature of bipolar disorder that symptoms wax and wane over time. . . . Although the ALJ pointed to isolated signs of improvement, the ALJ could not find medical improvement on that basis unless the ups and the downs of [Claimant]'s development showed sustained improvement."); *Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011) ("The very nature of bipolar disorder is that people with the disease experience fluctuations in their symptoms, so any single notation that a patient is feeling better or has had a 'good day' does not imply that the condition has been treated."). As two reviewing physicians noted, aside from certain legible phrases, Dr. Hetnal's notes are illegible, making it impossible for a reviewer to conclude reasonably they demonstrate that Winter's condition was improving. For these reasons, Dr.

3

Hetnal's 2010 opinion is not inconsistent with his own treatment notes or other medical evidence in the record.

The Folstein Mini Mental Status Exam performed by Dr. Fetterman did not contradict her opinion because no parameter in it addressed the limitations identified in Dr. Fetterman's opinion, which related to Winter's ability to "maintain regular attendance in the workplace," "complete a normal workday or workweek without interruptions," and "handle normal work related stress from a competitive work environment." The parameters of the Folstein Mini Mental Status Exam did not account for the periodic mood and emotional swings characteristic of bipolar disorder, which symptoms caused Dr. Fetterman to opine that Winter would be limited in certain areas. Moreover, Dr. Fetterman's report was expressly based not only on her examination of Winter but also on her review of the objective medical evidence contained in Winter's medical records. Other treatment records from Stanislaus County Health Services, the Senior Access Treatment Team, and Dr. Hetnal all support the limitations related to attendance, emotional interruptions, and inability to cope with stress identified by Dr. Fetterman. As Dr. Fetterman's opinion was not inconsistent with her treatment notes, not inconsistent with other record medical evidence, and based on the objective medical evidence in the record and her personal examination of Winter, the ALJ's reasons for rejecting Dr. Fetterman's opinion were insufficient.

4

For these reasons, the ALJ did not give specific and legitimate reasons to reject properly the 2010 opinions of Drs. Fetterman and Hetnal. As such, on remand the 2010 opinion of Dr. Fetterman and 2010 opinion of Dr. Hetnal are to be credited as true.[1] *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996).

2. The ALJ offered four reasons for rejecting Winter's claimed level of disability. On careful review, none of these reasons individually or in combination constitute clear and convincing reasons sufficient to reject the claimant's testimony regarding the severity of her symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

First, that Winter's alleged symptoms were not supported by other medical evidence in the record, such as the above-discussed mental status exams, is not a convincing reason because the contents of the mental status exams (and other parts of the record) do not contradict Winter's reported level of impairment. Records from Stanislaus County Health Services, the Senior Access Treatment Team, Dr. Hetnal, and Dr. Fetterman all support that Winter suffered debilitating symptoms from bipolar disorder. Contrary to the Commissioner's arguments, that Winter was

---

[1] Furthermore, two other clinicians independently found Winter had a global assessment of functioning (GAF) of 40, indicating some impairment in reality testing/communication or severe major impairment in several mental areas. It is not clear what kind of further objective medical evidence the ALJ believed could have been included in the record to support the diagnoses of Dr. Fetterman and Dr. Hetnal (2010).

"friendly and cooperative" and that Dr. Hetnal failed to note that Winter was "angry" (at least in the limited legible portions of his notes) does not make the medical records inconsistent with Winter's claimed level of disability, because a "friendly and cooperative" individual who is not "angry" could very well suffer from the limitations reported by Winter. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014).

Second, that the medical records purportedly showed Winter's condition was improving is not a convincing reason for rejecting her reported level of disability because, for the reasons discussed above, the readable portions of Dr. Hetnal's treatment notes do not establish a sustained improvement of Winter's condition. *Id.* If anything, the more recent medical records from Dr. Hetnal and Stanislaus County Health Services suggest that Winter's condition has deteriorated.

Third, that Winter was apparently non-compliant with her prescribed treatment regimen at certain times does not convincingly undermine Winter's claimed level of disability, as noncompliance with treatment by individuals with bipolar disorder is consistent with their diagnosis. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1164 (9th Cir. 2012). Moreover, the record clearly establishes that Winter consistently sought mental health treatment for her bipolar and anxiety disorders over the past several decades and appeared to take regularly the medication prescribed to her, making any isolated examples of treatment

noncompliance of little significance.

Fourth, the limited daily activities reported by Winter (infrequent care for her personal needs, occasional chores around the house, infrequent grocery shopping, preparation of simple meals, and care for her dog) do not contradict her reported level of fatigue, lack of motivation, and inability to handle stress. *See Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014).

Taken together, the reasons cited by the ALJ did not constitute sufficient clear and convincing reasons for rejecting Winter's testimony regarding the severity of her symptoms.[2]

3. At no point during the administrative process before the SSA did Winter allege that any back impairment limited her ability to work. The MRI analysis later submitted by Winter to the Appeals Council did not state that the findings of such MRI suggested Winter could not work. Rather, the MRI analysis confirmed a prior diagnosis for back pain by a treating physician. For this reason and because Winter never alleged before the SSA that back pain limited her ability to work,

---

[2] Because Winter's claimed limitations and the third party statement of Gary Grove are largely identical, it was proper for the ALJ to rely on the same reasons for rejecting Grove's statement as relied upon to reject Winter's. *Molina v. Astrue,* 674 F.3d 1104, 1114 (9th Cir. 2012) ("[I]f the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness."). However, for the reasons mentioned above, the ALJ did not properly reject Winter's statement and, for that reason, his reasons for rejecting Grove's statement were also insufficient.

such evidence does not undermine the ALJ's finding that Winter was physically capable of medium work.

4. Because the ALJ offered insufficient reasons for rejecting the 2010 opinions of Dr. Hetnal and Dr. Fetterman and the statements of Winter and Grove, we remand to the SSA to credit these opinions and statements as true and re-evaluate whether Winter is disabled after properly accounting for this information.

**REVERSED AND REMANDED**.